Good morning, Your Honors, and may it please the Court, I'm Elizabeth Lopez for Petitioner Hamza Eweedah, and I would like to reserve three minutes for rebuttal. Your Honors, in this case, the BIA erred by using the incorrect standard of review in their April 2019 decision by engaging in fact-finding in the first instance. Because of the fact that Gomez-Sanchez v. Sessions had not yet been determined at the time of the original trial in 2015, nor in the first BIA decision in 2017, the Immigration Court and agency were precluded from considering mental health in the determination of a particular serious crime issue under a matter of GGS. But the IJ had made findings about mental health. There was a record. Your client said the reason I didn't, the reason I left the scene was I had these fears arising from Saudi Arabia. And when it came back to the, I'm sorry, not made findings, there was evidence in the record about mental health. When it came back to the BIA, Mr. Eweedah's counsel said you could either send it back to the IJ or decide it yourself. And they decided to decide it themselves. Now you're telling us they erred by deciding it themselves. Didn't you invite that? Well, actually, under Reyes v. Lynch, a 9th Circuit 2016 case, it says even if the respondent requests the BIA to review that, the BIA can't take the fact-finding or they can't undertake fact-finding as it's bound under statutory. What fact-finding did they undertake here? As I read the BIA decision, they say, we assume, Mr. Eweedah, what you say is true, that you fled the scene because of the issues that arose from your experiences and your memories of how police acted in Saudi Arabia. But this nonetheless remains a serious crime, even if we believe that, because you left a dying person out there and never made a phone call to anybody to get help. And the mental health problems that you claim didn't relate to calling for help, they related to dealing with the police. None of those facts are disputed, so why couldn't the BIA act on them? Well, because under Gomez-Sanchez v. Sessions, the judge is supposed to have done fact-finding specifically to the mental health. But they assumed here, from the evidence in the record, that your client's mental health was impaired, and that was the reason why he didn't remain on the scene. And I think they credited that. They said, that's fine. But it remains a serious crime nonetheless, because once you left the scene, you should have called and said, there's an injured person out there whose life might be saved if he gets medical help. And that was their finding. So they seem to assume the facts that your client urged. Well, it would be our argument, Your Honors, that they're required under Gomez-Sanchez v. Sessions to do a full-blown, circumstance-specific approach. And the evidence that was in the file at the time, the psychological exam, does not speak to how his prior persecution in Saudi Arabia affected him at this time. It goes more into how it went to the issue of persecution, not to how this affected him  I'm having trouble with whether this issue was preserved, though, because it seems like, I don't know if it was you or some other counsel, but your client asked the BIA to figure out this issue itself, and didn't really ask the BIA, or didn't say the BIA needs to remand because it can't do the necessary fact-finding. In fact, it said, go ahead and decide this. Well, I'm sorry. In the second BIA brief, we did. That was our first issue. Out of the gate, we said, we think this should be remanded to the IJ. But the author then said, the rest of the sentence, if you read it, says, but we also think you can decide it yourselves. And I don't think it said, there's no way you could decide this yourself because it requires fact-finding that you're not capable of doing. So this argument, I'm not sure it really was exhausted or preserved in the way that it would have needed to be. Well, and that's why I brought up Reyes, because I'm saying, even if it's our error in asking that, the BIA should not have. Under Gomez-Sanchez, they should not have. Was Reyes in your brief? I'm sorry. I don't think I'm hearing you. No, I'm sorry. It wasn't. It's Reyes v. Lynch. Let me see. I can give you the site. Why don't you file a Rule 28J letter for the site? I'm sorry, what? Why don't you file a Rule 28J letter so that the other side will have the site also? Could I ask you, before you use up all your time? Yeah. Oh, I'm sorry. I notice you're arguing. Did the BIA get it right in the manner in which it applied Gomez? I have problems with that, and I know you argue it in your brief. On page 12, I assume that you argue that they got it wrong, that they did not properly apply Gomez. Correct. That is our argument, that they did not, because there wasn't ... I mean, they had a one-liner that they said they're reconsidering, but it was never considered in the first place, is our argument. Tell us how they improperly applied it, in response to Judge Corman's question. Okay, so they improperly applied it because they did not do a full, circumstantial, specific analysis. Well, they said, if you take a look at ... I don't know where ... at the final decision where they discuss Sanchez, assuming in the first paragraph, first full paragraph, assuming you say, they say, we acknowledge respondent's evidence that he suffered from post-traumatic stress disorder. Right. And they go on to finish the sentence, which may have contributed to a panicked response at the time of the incident. And then they say, and this is important, nevertheless, even accepting that his response to hitting a pedestrian at that moment in time related to these issues, we remain persuaded that his crime was particularly serious. And then, this is the paragraph, the following paragraph, that deals with his response to hitting the pedestrian at that moment. Of course, that's not ... hitting the pedestrian is not what makes this a serious crime. Then they say, there's no evidence that the respondent attempted to alert authorities in the aftermath of having struck a pedestrian who we knew was injured or probably impaired. We note, moreover, and then they go into a long discussion of California law on how this could have been raised as a defense, that by pleading guilty, the respondent disavowed that defense. He's provided no evidence, either that his criminal defense attorney was ineffective for failing to raise the defense, or that he has made any attempt to collaterally attack his conviction in California on this ground. And here are the three critical words that I think are important. Under these circumstances, we are convinced that whatever impact the respondent's mental health may have had upon his commission of the crime is not sufficient to mitigate the crime's culpability or dangerousness. And those circumstances, which they spent almost a paragraph outlining, are ones that were specifically rejected in Gomez ... Yes, Your Honor. And versus Sanchez. It directly conflicts with what Gomez-Sanchez states. And why they would go into it this deeply, they ... in fact, there's no evidence that his criminal attorney was ineffective. Under these circumstances, language is what leads me to believe that they erroneously applied the Gomez versus Sanchez. Yes. And I have that in my argument right now, but yes, I totally agree that in Gomez-Sanchez it states there are a number of reasons why such evidence may not be offered. And in footnote nine, it states a defendant may choose not to pursue an affirmative defense of insanity due to ... in that they go into why someone wouldn't have to. Almost everything in that second full paragraph, we rejected when the board offered it as a Yes. And yet they're repeating the same thing, and after repeating the same thing, they say under these circumstances, as I read that, and I don't think it's ambiguous ... Correct. We are convinced that whatever impact his mental health may have had upon his commission of the crime, it was not sufficient to mitigate the crime's culpability or dangerousness. And as I understand it, that's the argument you're making now. Yes. And you're brief. Yes. Okay. Thank you, Your Honor. My time is up. We'll give you a minute for rebuttal. Thank you. May it please the Court. My name is Jennifer Singer, and I represent the United States Attorney General, the respondent in this matter. In Petitioner's opening brief to the Court, Petitioner essentially just argues that the board should have remanded the case to the immigration judge. I think the panel agrees that that was not required. Petitioner ... You don't know what the panel agrees. You just heard the panel ... Seemingly agree. ... ask questions. To address the merits of that, there was no need for the board to remand the case to the immigration judge. Petitioner, before the board, when it was back on remand, did not, in the alternative, made the argument that remand was not necessary and that the board could decide the particular serious crime determination on the record before it. I'm not sure that it was that clear, and I don't think we need to argue about it. But the board's opinion said, construed, the respondent is arguing that the record must be remanded for further consideration of the particularly serious crime and issue. So that's how the board construed her motion, but that, to me, is not the most serious problem with this case. It's the one I outlined in my questions to your adversary, which you're trying to avoid, which you drop a little footnote to your brief saying, we're not going to answer any of her arguments because that'll mean we won't be able to argue she didn't preserve it. But in reading the brief, I think her brief was adequate to preserve it. But in any event, could you answer it? Yes. Can I answer that in two parts? First, reading the petitioner's brief in context, petitioner seems to be making a challenge to the board's particular serious crime determination, but it's really not. It's all in the context of the argument that the board should have remanded the case to the immigration judge. So on that ground, we would still maintain our waiver argument. But to address the merits of your concerns, all that's required under Gomez-Sanchez is that the board take into account all reliable evidence of mental health, and that's what the board did here. What if the board, Judge Corman was asking, I think, what if the board, in addition to taking in all reliable evidence of mental health, considers some factors that it's not supposed to consider, whether he raised this in his criminal proceeding? Judge Corman's written a better brief than the one in front of us, but that's not the issue. So assume that those issues are waived. What do you do with that? I think even taking that aside, because I'm not quite sure what the board was really trying to state with that paragraph, but I think even taking that aside, the board's analysis still meets the requirements set forth in Gomez-Sanchez, which is to take into account evidence of mental health. But let's assume it did take that into account. Nobody doubts that it did. Yes. But it also said, and we've also looked at it, and he's 5'3", and therefore, we find under the circumstances of this crime, it's particularly serious. That would be taking, that would be an irrational decision. We've said in Gomez-Sanchez that there are some things you shouldn't take into account, the criminal trial, and yet they take it into account. So didn't, as a matter of law, not fact, didn't they consider an inappropriate factor? Strictly under Gomez-Sanchez, I would agree with that. But I think, I guess the best argument here is a futility argument, because even apart from that paragraph, I still think the board's decision stands under Gomez-Sanchez. Because they said, the biggest problem is you didn't go back. Well, it took into account all the information that it should have. His testimony that he experienced trauma, the psychological evaluation that diagnoses him with depressive disorder and PTSD. The board acknowledged all of that, took that into account, even said that that could have contributed to his panicked response. But nevertheless, even assuming that might be true, that the fact remains that after the petitioner hit the pedestrian, the petitioner went home, had time to... and his experience in Saudi Arabia, he panicked, and that's why he left the scene. That's what makes this a serious crime. If it was just that he hit him, hit somebody, he probably wouldn't have been prosecuted at all. And I'm not sure how clear it is under the factors. He did plead guilty to what was a de jour felony. But he was treated by the prosecutor and the state courts as a de facto misdemeanor. He was sentenced to a year, he served eight months, and that would suggest to me that at least the state court, the judge and the prosecutor, thought that his mental condition and the mental problems that he suffered from rendered the crime less serious. So there are various, there are about three factors that one takes into account here. But what bothers me is that in reading the paragraph that I read, I don't want to read it again, the board is essentially taking the same position that we said you can't take in Gomez. In language that's not entirely clear to me where they acknowledge, they say we know this is an evidence, but let's accept the fact that they're taking it into account. On one hand, they're taking it into account, on the other hand, they're taking it away. And they're saying, no, you didn't raise it, you could have raised it as a defense, you're not arguing, you had in effect a persistence of counsel, you didn't make any attempt to conviction in California on this grounds, under the circumstances, follows right after that. And I think that that was wrong, and I almost think you acknowledged it, that it's wrong. And you say it doesn't matter? I think to some extent that aspect is problematic in light of Gomez-Sanchez, but I think even taking that aside, I think the decision still stands because the board's analysis still is, I think, sufficient under Gomez-Sanchez. It took into account reliable evidence of mental health and found that it didn't mitigate the dangerousness of petitioner's crime. And I would just like to note two things. I don't think the criminal court had any evidence of petitioner's mental health before it, and in sentencing him to the year, that is the maximum for county jail. And I would also note that that's only one circumstance to be considered in the particular serious crime determination. But under the facts and circumstances of the crime, I think even apart from that arguably problematic paragraph, I still think the court can affirm the board's particular serious crime determination because the board's analysis is still consistent with what Gomez-Sanchez requires, which is to take into account reliable evidence of mental health, and I think that's what the board did here. Do you read Gomez-Sanchez as saying you may not consider the criminal history or that you must consider the mental health? I know it stands for the proposition that the mere criminal history itself doesn't necessarily establish seriousness if there's mental health defense. Do you read the cases saying you may not consider that criminal history? I read Gomez-Sanchez as just saying that the board must take into account if presented evidence of mental health in the particular serious crime determination. That's what I was asking. When I read it, I'm not sure it says the criminal history is irrelevant, but rather that in addition you can't do it under criminal history alone. Agreed. You must take mental health into account. Agreed. Anything further? It seems like, I guess I'm having trouble figuring out your position, so that response makes it seem like you're saying there isn't an error in this paragraph, but earlier it seemed like you were saying there is an error in this paragraph. I think because Gomez-Sanchez, I think it would be a problem if the board just found it not particularly serious because of the criminal background, but the board didn't do that here. The board, so in that case, I don't think it's an inconsistent position. And I recognize the difficulty because this wasn't briefed exactly this way, so you may not have been alerted to the particular concerns Judge Corman raises, but what is the government's position now that you've thought about it? That, I mean, if the board just rejected the particular, just found that it was particularly serious because Petitioner did not raise it as a defense in criminal proceedings, then that would be contrary to Gomez-Sanchez. But in the government's view, Gomez-Sanchez stands for the proposition that so long as the board takes into account evidence of mental health, which is what I think the board did here, then despite noting other criminal history events, that the decision still can stand in that respect. And I think that's what happened. It sounds like you're saying if you only looked at a few sentences of the paragraph, it would be problematic, but the paragraph as a whole is not problematic. The decision as a whole is not problematic, yes. Thank you, Your Honors. We took you over and we'll give you some time for rebuttal. I would say that, yes, in that one paragraph where they're talking about the criminal defense, that that would show that they disregarded Gomez-Sanchez in considering the mental health issues as far as the fact that under Fretinesca, they're supposed to do the full multi-factor test. And now, with Gomez-Sanchez recessions, mental health is supposed to be part of that test. And I don't feel that that was done in this decision. Well, surely it was part of it. They discussed mental health. They said we credit the notion that he might have, because of his prior experiences, not wanted to have to deal with police and therefore fled the scene. But they say we still think it's serious because none of the mental health evidence suggests that his prior experience prevented him from calling an ambulance or letting somebody know there was somebody who might have been saved had assistance been sent. I thought that's what the board said, so they considered it. You can't say they didn't mention it or consider it. Your argument has to be that they shouldn't have considered other things, right? Right, yes. Any other questions? If not, this case is submitted. We thank both sides for their arguments. Okay, thank you very much.
judges: Hurwitz, Friedland, Korman